FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 OCT 19 A 9:16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| INFOCASE, INC.,<br>4566 Cornell Road<br>Cincinnati, Ohio 45241,<br><br>Plaintiff,<br><br>vs.<br><br>MAX INTERACTIVE, INC.,<br>1605 Monrovia Avenue<br>Costa Mesa, California 92627,<br><br>Defendant. | Case No. 1:15cv1357-AJT/TCB<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, INFOCASE, INC. ("InfoCase"), as and for its Complaint against Defendant, MAX INTERACTIVE, INC. ("Defendant"), states:

### THE PARTIES

1. InfoCase is a small business located at 4566 Cornell Road in Cincinnati, Ohio. It is a corporation organized under the laws of Ohio.

2. Defendant is a corporation organized under the laws of California with its principal place of business at 1605 Monrovia Avenue, in Costa Mesa, California. Defendant makes, imports, uses, offers to sell, and/or sells within the United States, including in the Commonwealth of Virginia and this judicial district, products incorporating InfoCase's patented technology and design.

## JURISDICTION AND VENUE

3. This action is for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. On information and belief, Defendant is conducting business on a systematic and continuous basis nationwide, including within the Commonwealth of Virginia and this judicial district.

5. On information and belief, Defendant makes, imports, uses, offers to sell, and/or sells within the United States, including in the Commonwealth of Virginia and this judicial district, products that infringe the patent at issue in this action. Defendant is subject to personal jurisdiction in this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, and 1400(b). On information and belief, both InfoCase and Defendant regularly sell products into this district, out of which this action for patent infringement arises. Related patent infringement cases have been brought by InfoCase against other parties in this Court, and a declaratory judgment action has been brought against InfoCase in this Court as the patentee. This Court is the most convenient forum for this action and the best forum for purposes of judicial efficiency. Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391(c)(2) due to its contacts with Virginia and this district out of which this action arises.

## GENERAL ALLEGATIONS

7. InfoCase is the assignee and owner of all rights, title and interest in U.S. Patent No. 6,109,434 ("the '434 patent"), entitled "Protective Case for Portable Computer." The '434

patent was duly and legally issued on August 29, 2000, by the United States Patent and Trademark Office. A true and correct copy of the '434 patent is attached as Exhibit A. InfoCase has retained all rights to enforce the '434 patent.

8. Defendant does not have a license to the '434 patent and has never had such a license.

9. Defendant makes, uses, sells, offers for sale or imports products that infringe the '434 patent, including the "Max Case Explorer Bag" product and any substantially similar products under any product line or item number ("the Accused Products"). The Accused Products infringe one or more valid claims of the '434 patent as set forth in more detail below.

27. On information and belief, Defendant had actual notice of the '434 patent, and its infringement of that patent, at least as early as August 4, 2015. Nevertheless, Defendant continued to infringe the '434 patent.

## COUNT ONE
### (Infringement of the '434 Patent)

28. InfoCase incorporates by reference the paragraphs above as if set forth herein.

29. Defendant has been and is now directly infringing and actively inducing infringement of the '434 patent pursuant to 35 U.S.C. § 271. The infringing acts include, but are not limited to, the manufacture, use, promotion, sale importation, and/or offer for sale of the Accused Products. Defendant induces infringement by its customers when, for example, it sells and/or causes to be sold to its customers the Accused Products that infringe the '434 patent with the knowledge and intent that its customers will use the Accused Products to protect their laptop

computers. Defendant induces infringement by its customers when it sells them the Accused Products and instructs and encourages them to use them to protect their laptop computers.

30. Specifically, Defendant's Accused Products infringe claims 20-22 and 24-29 of the '434 patent because they meet all the limitations of those claims. Further, Defendant's Accused Products infringe claim 31 of the '434 patent when they are used to protect a laptop computer. Defendant intends, encourages and instructs its customers to protect their laptop computers with the Accused Products. On information and belief, Defendant uses its Accused Products to protect laptop computers. Accordingly, Defendant both directly infringes claim 31 of the '434 patent and also induces infringement of the '434 patent.

31. Defendant's past and continued acts of infringement of the '434 patent have injured InfoCase, and thus InfoCase is entitled to recover compensatory damages for the infringement in an amount subject to proof at trial.

32. Defendant's infringement of InfoCase's exclusive rights under the '434 patent has and will continue to damage InfoCase's business, causing irreparable injury to InfoCase, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court from further infringement.

## REQUEST FOR RELIEF

Wherefore, InfoCase respectfully requests that the Court:

a. order trial by jury on all issues so triable;

b. render judgment finding that Defendant has infringed, directly and by inducement, the '434 patent;

    c.    issue a permanent injunction preventing Defendant, and those in active concert with Defendant, from further infringement or inducement of infringement of the '434 patent;

    d.    award compensatory damages in an amount to be determined at trial;

    e.    award interest as allowed by law;

    f.    award an accounting and/or supplemental damages for any damages not addressed at trial and any post-trial damages;

    g.    declare that this case is exceptional pursuant to 35 U.S.C.§ 285, award costs and reasonable attorney fees incurred in connection with this action; and

    h.    grant such other and further relief as the Court and jury deem just and proper.

Respectfully submitted,

QUARLES & BRADY LLP

Dated: October 19, 2015

*/s/ Jonathan Hudis*
Jonathan Hudis (VA Bar No. 38068)
1700 K Street, NW
Suite 825
Washington, D.C. 20006
Tel: (202) 372-9528
Fax: (202) 372-9597
Jon.Hudis@quarles.com

*Attorneys for Plaintiff, InfoCase, Inc.*

OF COUNSEL:
Thomas F. Hankinson (*pro hac vice application to be filed*)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6503
Fax: (513) 579-6457
thankinson@kmklaw.com

## JURY DEMAND

Plaintiff, InfoCase, Inc., pursuant to Fed. R. Civ. P. 38, herein demands a trial by jury for all issues so triable.

Respectfully submitted,

QUARLES & BRADY LLP

Dated: October 19, 2015

_/s/ Jonathan Hudis_
Jonathan Hudis (VA Bar No. 38068)
1700 K Street, NW
Suite 825
Washington, D.C. 20006
Tel: (202) 372-9528
Fax: (202) 372-9597
Jon.Hudis@quarles.com

*Attorneys for Plaintiff, InfoCase, Inc.*

OF COUNSEL:
Thomas F. Hankinson (*pro hac vice application to be filed*)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6503
Fax: (513) 579-6457
thankinson@kmklaw.com